**United States Bankruptcy Court**
HAMMOND/NORTHERN DIST OF INDIANA

|  |  |
|---|---|
| 1823070<br>PAUL CHAEL<br>401 W 84TH DR<br>SUITE C<br>MERRILLVILLE, IN 46410 | IN RE<br>ANTOINETTE DENISE MCDONALD<br>340 E 130 LN<br><br>CROWN POINT, IN 46307<br>SSN or Tax I.D.  XXX-XX-7035 |

U.S. BANKRUPTCY COURT
5400 FEDERAL PLAZA
HAMMOND, IN 46320

CLAIM NO:  -Court-A                    U.S.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  NOTICE OF HEARING  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


SEE ATTACHED PLAN AND NOTICE OF HEARING










DATED:   January 30, 2019  at  HAMMOND, IN

BY THE COURT

KENT LINDQUIST

# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
## Hammond Division

| | |
|---|---|
| In Re: Debtor(s) (name(s) and address)<br>Antoinette Denise McDonald<br>xxx−xx−7035<br>340 East 130th Lane<br>Crown Point, IN 46307 | )<br>)<br>)<br>) Case Number: 18−23070−kl<br>)<br>)<br>)<br>)<br>) Chapter: 13<br>)<br>)<br>)<br>)<br>) |

## ORDER AND NOTICE SCHEDULING HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND FIXING TIME TO OBJECT THERETO

The Debtor(s) filed a Chapter 13 Plan and the Trustee has filed his Notice of Conclusion of §341(a) Meeting of Creditors and Motion to Set Confirmation Hearing. It is therefore,

ORDERED AND NOTICE HEREBY IS GIVEN THAT:

The hearing on confirmation of the Chapter 13 Plan of the Debtor(s) is hereby scheduled for February 27, 2019 at 02:00 PM (local Court time) in Room 6, Hammond Federal Building, 5400 Federal Plaza, Hammond, Indiana, or as soon thereafter as counsel may be heard, pursuant to §1324(b). The hearing may be adjourned from time to time by announcement in open court, without further written notice. The adjourned hearing date will be available through PACER, the court's electronic public access service or through the public access terminals located in the Clerk's office.

**OBJECTIONS TO THE CONFIRMATION OF THE PLAN OF THE DEBTOR(S), IF ANY, MUST BE FILED IN WRITING ON OR BEFORE** February 20, 2019 , **WITH THE CLERK, UNITED STATES BANKRUPTCY COURT, AND SERVED UPON THE ATTORNEY FOR DEBTORS(S) AND THE CHAPTER 13 TRUSTEE.** See Fed. R. Bk. P. 2002(b)(2). Any objection to confirmation shall contain a short, plain statement concerning the factual or legal basis for the objection, or any such objection may be overruled without a hearing. See N.D.Ind.L.B.R. B−9014−1(a).

In the event that any such objection to confirmation is timely filed, the Court will set the same down for a prehearing conference or a final hearing at a later date upon further notice to the objectant, the Debtor(s), and the Trustee. **ACCORDINGLY, IF A TIMELY OBJECTION IS FILED THE OBJECTANT MAY, BUT NEED NOT, ATTEND THE CONFIRMATION HEARING.**

**PLEASE NOTE THAT IF THERE ARE NO OBJECTIONS TO THE PLAN OR OBJECTIONS HAVE BEEN WITHDRAWN OR SETTLED THE DEBTOR(S) AND DEBTOR(S)' ATTORNEY NEED NOT ATTEND THE CONFIRMATION HEARING. ONLY THE TRUSTEE'S ATTENDANCE IS REQUIRED.**[1]

---

[1] The Court has an independent duty pursuant to §1325(a) to determine whether a debtor's plan should be confirmed. The Supreme Court in United Student Aid Funds v. Epinosa, 559 U.S. 260, 130 S. Ct. 1367 (2010), stated that if a plan conflicts with the Bankruptcy Code on Rules of Procedure the failure to comply with those requirements should prevent confirmation even if the creditor fails to object or appear and §1325(a) requires Bankruptcy Courts to address and correct a defect in a debtor's proposed Plan even if no creditors raises the issue. Id. 559 U.S. at 276 and 277, 130 S. Ct. 1380 and 1381 n.14. See also, In re Coalton, 437 B.R. 412, 417 (Bankr. N.D. Ala. 2010) McCullough v. Brown, 162 B.R. 506, 508, n. 3 (N.D. Ill. 1993); In re Christophe, 151 B.R. 475, 477 (Bankr. N.D.Ill. 1993); In re Snider Farms, Inc., 83 B.R. 977, 986 (Bankr. N.D. Ind. 1988). In re Harris, 62 B.R. 391, 393, N. 1 (Bankr. E.D. Mich. 1986) (interpreting §1322 and §1325, the Court denied confirmation though objecting party did not appear at hearing and certain issues were not briefed); In re Jewell, 75 B.R. 318, 319 (Bankr. S.D. Ohio 1987).

The plan proponent has the burden of proving the satisfaction of each of the requirements to have a plan confirmed. In re Pierce, 82 B.R. 874, 885 + n. 9 (Bankr. S.D. Ohio 1987); In re Goodavage, 41 B.R. 742, 743 (Bankr. E.D. Va. 1984). Accordingly, even if there are no objections to the plan the Court may still deny confirmation if the proposed plan does not satisfy the requirements of 11 U.S.C. §1322 and §1325 and the other applicable provisions of Title 11.

If counsel for the Debtor(s) is aware of any provision of the Plan, the schedules, or the Form B122C which might result in denial of confirmation, the attorney for the Debtor(s) should consider attending the confirmation hearing or contacting the Chapter 13 Trustee prior to the hearing even if no objections have been filed.

No later than twenty−eight (28) days prior to the time fixed for filing objections to confirmation and the hearing to consider confirmation of the plan, as set out above, the Chapter 13 Trustee is hereby directed to cause a copy of this Order and Notice, together with a copy of the Plan, to be served upon all the entities listed on the Creditor Matrix in this case as of the date of this Order pursuant to Fed. R. Bk. P. 3015(d) and Fed. R. Bk. P. 2002(b)(2), and promptly thereafter, cause to be filed proof of service thereof with the Court. A list of all creditors and parties in interest and their addresses is available through PACER. If any creditor or party in interest is entitled to service of the plan in the manner provided by Rule 7004, see e.g., Fed. R. Bankr. P. Rules 3012(b); 4003(d); 7004, it shall be the debtor(s)' responsibility to serve the plan in the required manner and make due proof thereof.

**DEBTOR'S COUNSEL SHALL SUBMIT A FORM ORDER OF CONFIRMATION NO LATER THAN FIVE (5) BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING. SEE N.D. Ind. L.B.R. B−9013−1(c). IF THE CONFIRMATION ORDER HAS NOT BEEN SUBMITTED BY DEBTOR(S)' COUNSEL, THE COURT MAY HOLD THE CONFIRMATION HEARING, BUT DENY ANY AWARD OF ATTORNEY'S FEES TO DEBTOR(S)' ATTORNEY UNTIL AN ITEMIZED FEE APPLICATION AND PROPOSED ORDER IS SUBMITTED.**

Any request for a continuance must be by Verified Motion filed with the Court prior to the above hearing date showing good cause therefore signed by at least one attorney of record with a copy of the same first served upon the Trustee. If no such Motion is filed, the Court may proceed to hold the confirmation hearing.

**SO ORDERED.**

Dated: January 27, 2019

Kent Lindquist
_____
Judge, United States Bankruptcy Court

Document No. 20 − 2

WE−35
(Rev. 12−01−17)

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0755−2 | User: cgeorgakl | Date Created: 1/27/2019 |
| Case: 18−23070−kl | Form ID: 497 | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      Antoinette Denise McDonald      340 East 130th Lane      Crown Point, IN 46307

TOTAL: 1

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Antoinette Denise McDonald** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF INDIANA** | |
| Case number: | | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. **See Section 8 Below** |
| (If known) | | |

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$380** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor   **Antoinette Denise McDonald**                              Case number  _____

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☒ Debtor(s) will treat income refunds as follows:
  **See Section 8 Below**

**2.4 Additional payments.**
*Check one.*
- ☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>13,680.00</u>.

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- ☒ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- ☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- ☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Foursight Capital** | **$27,600.00** | **2016 Hyundai Sonata 62000 miles** | **$11,922.00** | **$0.00** | **$11,922.00** | **6.00%** | **$362.69** | **$725.38** |

*Insert additional claims as needed.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- ☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

Debtor     **Antoinette Denise McDonald**                              Case number

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Fedex Employees Credit Assn. | 340 East 130th Lane Crown Point, IN 46307  Lake County |

*Insert additional claims as needed.*

---

**Part 4:  Treatment of Fees and Priority Claims**

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**0.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:  Treatment of Nonpriority Unsecured Claims**

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $_____.
- ☐ _____% of the total amount of these claims, an estimated payment of $_____.
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

Debtor    **Antoinette Denise McDonald**                    Case number _____

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one*.

☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒    plan confirmation.
☐    entry of discharge.
☐    other: _____

| Part 8: | Nonstandard Plan Provisions |

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**1. In the event the Indiana Department of Revenue is granted an allowed secured claim, the allowed claim shall be paid at 3% interest. If the federal Internal Revenue service is allowed a secured claim, its claim shall be paid at 5% interest.
2. Allowed priority tax claims shall be paid 100% at 0% interest after the payment of Debtor's counsel.
3. The debtors will turn over to the Chapter 13 Trustee a copy of any federal and state tax returns filed by the debtor during each year of this plan. Debtors have changed their deductions to accurately reflect their tax exemptions as provided in Form W-4, as amended, and issued by the Federal Internal Revenue Service and the related form issued by the Indiana Department of Revenue.  Debtor(s) shall contribute towards plan payments, tax refunds in excess of $750.00 per year and received during the first 36 months of the Debtor's plan. No provision is made to contribute any child tax credit or earned income credit.
4. Post petition claims filed under 11 U.S.C. §1305 may be provided for and paid under this plan.
5. In the event the Debtor(s) completes the terms of this plan by fully paying the debts set forth here (with the exception of general unsecured creditors which shall have no set payment and may be paid nothing) in accordance with the confirmation of this plan after the 36th month, but before the end of the plan's proposed term, then the Debtor(s)' plan shall be deemed fully paid and completed.**

| Part 9: | Signature(s): |

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Antoinette Denise McDonald**                X    _____
     **Antoinette Denise McDonald**                        Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **November 13, 2018**                  Executed on    _____

X    **/s/ David M. Dabertin**                            Date    **November 13, 2018**

Debtor  **Antoinette Denise McDonald** _____  Case number _____

**David M. Dabertin 19314-45**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor   __Antoinette Denise McDonald_____   Case number _____

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $725.38 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $0.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $321.31 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*   + | $0.00 |
| | **Total of lines a through j** | **$1,046.69** |

# CERTIFICATE OF MAILING

1234
Case 18-23070-kl   Doc 21   Filed 01/30/19   Page 11 of 12

| | | | |
|---|---|---|---|
| CASE: 1823070 | TRUSTEE: 3B | COURT: 464 | Page 1 of 2 |
| TASK: 01-29-2019.00204050.LSA001 | | DATED: 01/30/2019 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Debtor | | ANTOINETTE DENISE MCDONALD | 340 E 130 LN<br>CROWN POINT, IN 46307 |
| 799 | 000002 | DAVID DABERTIN ATTY AT LAW CORP | 5246 HOHMAN AVE. STE 302<br>HAMMOND, IN 46320 |
| | 000031 | KEITH DEVON MCDONALD | |
| | 000017 | FINGERHUT | PO BOX 166<br>NEWARK, NJ 07101-0166 |
| | 000035 | PENN CREDIT | P O BOX 988<br>HARRISBURG, PA 17108 |
| 003 | 000007 | INTERNAL REVENUE SERVICE | P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 003 | 000041 | INTERNAL REVENUE SERVICE | P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 012 | 000012 | PRA RECEIVABLES MANAGEMENT<br>P O BOX 12914 | AGENT OF PORTFOLIO RECOVERY ASSOC<br>NORFOLK, VA 23541 |
| 011 | 000013 | PRA RECEIVABLES MANAGEMENT<br>P O BOX 12914 | AGENT OF PORTFOLIO RECOVERY ASSOC<br>NORFOLK, VA 23541 |
| | 000036 | PORTFOLIO RECOVERY ASSOC | P O BOX 12914<br>NORFOLK, VA 23541 |
| | 000032 | LVNV FUNDING LLC | PO BOX 10585<br>GREENVILLE, SC 29603-0585 |
| 001 | 000015 | LVNV FUNDING<br>P O BOX 10587 | C/O RESURGENT CAPITAL<br>GREENVILLE, SC 29603-0587 |
| 009 | 000030 | LVNV FUNDING<br>P O BOX 10587 | C/O RESURGENT CAPITAL<br>GREENVILLE, SC 29603-0587 |
| 014 | 000034 | NAVIENT SOLUTIONS, INC.<br>PO BOX 740351 | DEPARTMENT OF EDUCATION LOAN SVC<br>ATLANTA, GA 30374-0351 |
| | 000010 | BANK OF AMERICA | PO BOX 25118<br>TAMPA, FL 33622-5118 |
| | 000016 | FEDEX EMPLOYEES CREDIT<br>3670 HACKS CROSS ROAD | ASSN<br>MEMPHIS, TN 38125 |
| Special | | INDIANA GROSS INCOME TAX DIV | PO BOX 595<br>INDIANAPOLIS, IN 46204 |
| | 000028 | INDIANA DEPT OF REVENUE<br>100 NORTH SENATE AVE | BANKRUPTCY SECTION N-240<br>INDIANAPOLIS, IN 46204 |
| | 000006 | IND DEPT OF REV<br>100 NORTH SENATE AVE | BANKRUPTCY SECTION ROOM N-240<br>INDIANAPOLIS, IN 46204-0000 |
| | 000011 | BRIDGE LENDING SOLUTIONS | PO BOX 481<br>LAC DU FLAMBEAU, WI 54538 |
| | 000029 | JEFFERSON CAPITAL SYSTEMS | 16 MCLELAND ROAD<br>SAINT CLOUD, MN 56303 |
| | 000021 | FOX HILLS CASH | PO BOX 196<br>BATESLAND, SD 57716 |
| 013 | 000008 | AMERICASH LOANS | P O BOX 1728<br>DES PLAINES, IL 60017-1728 |
| | 000037 | SONO BELLO-BODY CONTOUR<br>1051 PERIMETER DRIVE | CENTERS<br>SCHAUMBURG, IL 60173 |

|     |        |                              |                                    |
|-----|--------|------------------------------|------------------------------------|
|     | 000024 | HEALTHCARE ASSOCIATES        | 9640 S PULASKI RD<br>OAK LAWN, IL 60453 |
| 005 | 000026 | ILLINOIS TOLLWAY             | 2700 OGDEN AVENUE<br>DOWNERS GROVE, IL 60515 |
|     | 000025 | HEALTHCARE ASSOCIATES CU     | 1151 EAST WARRENVILLE RD<br>NAPERVILLE, IL 60563 |
| 008 | 000014 | CITY OF CHICAGO DEPARTMENT OF REV<br>111 W JACKSON SUITE 600 | C/O ARNOLD SCOTT HARRIS<br>CHICAGO, IL 60604 |
|     | 000009 | ARNOLD SCOTT HARRIS PC<br>SUITE 600 | 111 WEST JACKSON BLVD<br>CHICAGO, IL 60604-4134 |
|     | 000023 | HARRIS AND HARRIS            | 111 WEST JACKSON BLVD #400<br>CHICAGO, IL 60604-4134 |
| 004 | 000018 | JEFFERSON CAPITAL            | P O BOX 772813<br>CHICAGO, IL 60677-2813 |
| 010 | 000039 | AMERICAN INFOSOURCE AS AGENT<br>PO BOX 248838 | FOR VERIZON<br>OKLAHOMA CITY, OK 73124-8838 |
| 006 | 000022 | GINNY'S<br>PO BOX 800849     | % CREDITORS BANKRUPTCY SVC<br>DALLAS, TX 75380 |
| 007 | 000033 | MONTGOMERY WARD<br>PO BOX 800849 | % CREDITORS BANKRUPTCY SERVICE<br>DALLAS, TX 75380 |
| 002 | 000020 | FOURSIGHT CAPITAL, LLC       | PO BOX 45026<br>SALT LAKE CITY, UT 84145 |
| 002 | 000040 | FOURSIGHT CAPITAL, LLC       | PO BOX 45026<br>SALT LAKE CITY, UT 84145 |
|     | 000019 | FOURSIGHT CAPITAL<br>P O BOX 29675 | DEPT #2026<br>PHOENIX, AZ 85038-9675 |
|     | 000038 | UNITED AUTO CREDIT           | PO BOX 14217<br>IRVINE, CA 92623 |
|     | 000027 | INBOX LOAN                   | PO BOX 881<br>SANTA ROSA, CA 95402 |

40 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 01/30/2019.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   01/30/2019   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail